LAW OFFICES OF STEVE M. KALEBIC, P.C.
STEVE M. KALEBIC, ESQ. (9385)
167 MAIN STREET
HACKENSACK, NEW JERSEY 07601
(201) 853-1500
SMK@KMLAWGROUP.COM
ATTORNEYS FOR DEFENDANTS, SYED KAZMI, SHAMIKH KAZMI, UNIVERSAL
PROPERTY SERVICES, INC. and UNIVERSAL GROUP COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETROLEUM MARKETING GROUP, INC.,<br><br>      PLAINTIFF,<br><br>v.<br><br>SYED KAZMI, SHAMIKH KAZMI, UNIVERSAL PROPERTY SERVICES, INC. and UNIVERSAL GROUP COMPANY, INC.,<br><br>      DEFENDANTS. | Civil Action No.: 3:23-cv-22418<br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SYED KAZMI, SHAMIKH KAZMI, UNIVERSAL PROPERTY SERVICES, INC. and UNIVERSAL GROUP COMPANY, INC.** |

Defendants SYED KAZMI, SHAMIKH KAZMI, UNIVERSAL PROPERTY SERVICES,

INC. and UNIVERSAL GROUP COMPANY, INC. (collectively "Defendants"), by and through

their attorneys, by way of Answer to the allegations set forth in Plaintiff's Complaint, hereby

respond as follows:

<u>THE PARTIES</u>

1.  Defendants admit the allegations set forth at Paragraphs 1, 2, 3, 4, 5 and 6 of

Plaintiff's Complaint.

2.  Defendants deny the allegations set forth at Paragraph 7 of Plaintiff's Complaint.

3.  Defendants admit the allegations set forth at Paragraph 8 of Plaintiff's Complaint.

1

## JURISDICTION AND VENUE

4.      Defendants admit the allegations set forth at Paragraphs 9 and 10 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

*The Parties' Business and Credit Relationship*

5.      Defendants admit the allegations set forth at Paragraphs 11, 12, 13, 14 and 15 of Plaintiff's Complaint.

6.      Defendants neither admit or deny the allegations set forth at Paragraphs 16, 17, 18 and 19 of Plaintiff's Complaint as the terms and conditions of the "Credit Application" and "Account Conditions Agreement" referenced therein speak for themselves.  Plaintiff is left to its proofs.

7.      Defendants neither admit or deny the allegations set forth at Paragraph 20 of Plaintiff's Complaint as such allegations exclusively reference Plaintiff's business practices. Plaintiff is left to its proofs.

8.      Defendants admit the allegations set forth at Paragraph 21 of Plaintiff's Complaint.

9.      Defendants neither admit or deny the allegations set forth at Paragraphs 22, 23, 24 and 25 of Plaintiff's Complaint as the terms and conditions of the "M&T Authorization" and "TD Authorization" referenced therein speak for themselves, except to deny the allegations at Paragraph 25 as to the control of the subject bank account.  Plaintiff is left to its proofs.

10.      Defendants deny the allegations set forth at Paragraphs 26, 27, 28 and 29 of Plaintiff's Complaint.

11.      Defendants admit the allegations set forth at Paragraph 30 of Plaintiff's Complaint.

12.      Defendants deny the allegations set forth at Paragraphs 31, 32 and 33 of Plaintiff's Complaint.  Plaintiff improperly terminated the business relationship between the parties.

13.     Defendants admit that referenced Complaint was filed.  The allegations therein speak for themselves. Plaintiff is left to its proofs.

### Defendants' Fraudulent Scheme

14.     Defendants deny the allegations set forth at Paragraph 35 of Plaintiff's Complaint.

15.     Defendants neither admit or deny the allegations set forth at Paragraph 36 of Plaintiff's Complaint as the terms of the "Credit Application" speak for themselves.  Plaintiff is left to its proofs.

16.     Defendants deny the allegations set forth at Paragraphs 37, 38 and 39 of Plaintiff's Complaint as to false representation.  The remainder of the referenced Guaranty Agreements speak for themselves.  Plaintiff is left to its proofs.

17.     Defendants deny the allegations set forth at Paragraph 40 of Plaintiff's Complaint.

18.     Defendants neither admit or deny the allegations set forth at Paragraph 41 of Plaintiff's Complaint as the terms of the "Credit Application" speak for themselves.  Plaintiff is left to its proofs.

19.     Defendants deny the allegations set forth at Paragraphs 42 and 43 of Plaintiff's Complaint as to false representation.  The referenced Guaranty Agreements speak for themselves. Plaintiff is left to its proofs.

20.     Defendants neither admit or deny the allegations set forth at Paragraph 44 of Plaintiff's Complaint as the terms of the "Credit Application" speak for themselves.  Plaintiff is left to its proofs.

21.     Defendants deny the allegations set forth at Paragraphs 45 and 46 of Plaintiff's Complaint as to false representation.  The terms of the referenced Credit Agreement speak for themselves.  Plaintiff is left to its proofs.

22.     Defendants deny the allegations set forth at Paragraph 47 of Plaintiff's Complaint.

23.     Defendants neither admit or deny the allegations set forth at Paragraph 48 of Plaintiff's Complaint as the terms of the "Credit Application" speak for themselves.  Plaintiff is left to its proofs.

24.     Defendants deny the allegations set forth at Paragraphs 49, 50 and 51 of Plaintiff's Complaint.

25.     Defendants neither admit or deny the allegations set forth at Paragraphs 52 and 53 of Plaintiff's Complaint as such allegations exclusively reference Plaintiff's business practices. Plaintiff is left to its proofs.

### *UGC Advances the Ongoing Fraudulent Scheme*

26.     Defendants neither admit or deny the allegations set forth at Paragraph 54 of Plaintiff's Complaint as the terms and conditions of the referenced Account Conditions Agreement speak for themselves.  Plaintiff is left to its proofs.

27.     Defendants admit the allegations set forth at Paragraph 55 of Plaintiff's Complaint.

28.     Defendants neither admit or deny the allegations set forth at Paragraph 56 of Plaintiff's Complaint as same solely reference Plaintiff's internal business practice.  Plaintiff is left to its proofs.

29.     Defendants deny the allegations set forth at Paragraphs 57, 58, 59, 60 and 61 of Plaintiff's Complaint.

30.     Defendants neither admit or deny the allegations set forth at Paragraph 62 of Plaintiff's Complaint as the terms and conditions of the referenced M&T Authorization speak for themselves.  Plaintiff is left to its proofs.

31.     Defendants deny the allegations set forth at Paragraph 63 of Plaintiff's Complaint.

32.     Defendants admit the allegations set forth at Paragraph 64 of Plaintiff's Complaint.

4

## COUNT I – FRAUD
### *Against all Defendants*

33.    Defendants repeat and reallege their responses to the allegations set forth above as if repeated at length herein.

34.    Defendants deny the allegations set forth at Paragraphs 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76 and 77 of the First Count of Plaintiff's Complaint.

## COUNT II – CIVIL CONSPIRACY
### *Against all Defendants*

35.    Defendants repeat and reallege their responses to the allegations set forth above as if repeated at length herein.

36.    Defendants deny the allegations set forth at Paragraphs 79, 80, 81, 82, 83, 84, 85, 86 and 87 of the Second Count of Plaintiff's Complaint.

## COUNT III – BREACH OF CONTRACT
### *Against Syed Kazmi*

37.    Defendants repeat and reallege their responses to the allegations set forth above as if repeated at length herein.

38.    Defendants neither admit or deny the allegations set forth at Paragraphs 89, 90, 91, 92, 93, 94 and 95 of the Third Count of Plaintiff's Complaint as the terms and conditions of the "Guaranty Agreement" speak for themselves.  Plaintiff is left to its proofs.

39.    Defendants deny the allegations set forth at Paragraphs 96, 97, 98, 99 and 100 of the Third Count of Plaintiff's Complaint.

## COUNT IV– NEGLIGENCE
### *Against All Defendants*

40.    Defendants repeat and reallege their responses to the allegations set forth above as if repeated at length herein.

41.     Defendants deny the allegations set forth at Paragraphs 102, 103, 104, 105, 106, 107, 108, 109 and 110 of the Fourth Count of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants owed no duty to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendants breached no duty to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

In the event that Defendants owed and/or breached any duty to Plaintiff, said breach of duty was not the proximate cause of any damages to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by failure of any contractual consideration/privity with these Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Plaintiff's damages, if any, were caused by Plaintiff's own acts, omission and/or acts or omissions of third parties over whom Defendants exercised no control.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of estoppel, laches and waiver.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the applicable statutes of limitation and/or repose.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and Plaintiff is barred from recovering any damages due to Plaintiff's negligence in failing to provide these Defendants with timely notice of any alleged breach of contract.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred as Plaintiff has failed to join indispensable parties without whom the action cannot proceed.  Plaintiff's claims are further barred under the New Jersey Entire Case in Controversy Doctrine.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by virtue of doctrine of release.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by virtue of the statute of frauds.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred as Plaintiff has failed to exhaust its administrative remedies and/or required Alternative Dispute Resolution procedures under the applicable agreements between the parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are diminished under the doctrine of set-off.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the contractual doctrine of accord and satisfaction.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages are speculative.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery pursuant to the principles of comparative and contributory negligence.  The precise act of such negligence will be determined through further investigation and discovery, and by examination and cross-examination of the various witnesses at the time of trial.  If no facts are developed to support this defense, it will be abandoned accordingly.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims against Defendants may be barred or limited in accordance with any applicable agreement(s) or other applicable contract(s).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by Plaintiff's own unlawful acts.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants did not breach any contracts.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants' actions were reasonable and fair under the circumstances.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred or limited by the parol evidence rule, merger doctrine, and/or statute of frauds.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants did not commit any intentional acts that damaged Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

These Defendants reserve all rights under the applicable Federal Rules of Court Procedure to designate additional Affirmative Defenses which may be ascertained in the course of discovery in this action.

*LAW OFFICES OF STEVE M. KALEBIC, P.C.*
*STEVE M. KALEBIC, ESQ. (9385)*
*167 MAIN STREET*
*HACKENSACK, NEW JERSEY 07601*
*(201) 853-1500*
*SMK@KMLAWGROUP.COM*
*ATTORNEYS FOR DEFENDANTS, SYED KAZMI,*
*SHAMIKH KAZMI, UNIVERSAL PROPERTY SERVICES,*
*INC. and UNIVERSAL GROUP COMPANY, INC.*

By:    /s/Steve M. Kalebic, Esq.
        STEVE M. KALEBIC, ESQ.
        A Member of the Firm

DATED:  March 22, 2024

8

## JURY DEMAND

Defendants hereby demand trial by jury on all issues so triable herein.

*LAW OFFICES OF STEVE M. KALEBIC, P.C.*
*STEVE M. KALEBIC, ESQ. (9385)*
*167 MAIN STREET*
*HACKENSACK, NEW JERSEY 07601*
*(201) 853-1500*
*SMK@KMLAWGROUP.COM*
*ATTORNEYS FOR DEFENDANTS, SYED KAZMI,*
*SHAMIKH KAZMI, UNIVERSAL PROPERTY SERVICES,*
*INC. and UNIVERSAL GROUP COMPANY, INC.*

By:   /s/Steve M. Kalebic, Esq.
      STEVE M. KALEBIC, ESQ.
      A Member of the Firm

DATED:  March 22, 2024

9

## CERTIFICATION

I certify that this pleading was filed and served within the time prescribed by the Federal Rules of Civil Procedure, as extended by the parties.  I further certify that the matter in controversy is, to the best of my knowledge, not the subject of any other action pending in any Court, or the pending arbitration proceeding and that no additional parties are known at this time who should be added.

*LAW OFFICES OF STEVE M. KALEBIC, P.C.*
*STEVE M. KALEBIC, ESQ. (9385)*
*167 MAIN STREET*
*HACKENSACK, NEW JERSEY 07601*
*(201) 853-1500*
*SMK@KMLAWGROUP.COM*
*ATTORNEYS FOR DEFENDANTS, SYED KAZMI,*
*SHAMIKH KAZMI, UNIVERSAL PROPERTY SERVICES,*
*INC. and UNIVERSAL GROUP COMPANY, INC.*

By:    /s/Steve M. Kalebic, Esq.
         STEVE M. KALEBIC, ESQ.
         A Member of the Firm

DATED:  March 22, 2024

10